UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EDWIN KUCH,

       Petitioner,

v.                                                      Case No. 09-12872
                                                      Honorable Patrick J. Duggan

LLOYD RAPELJE,

       Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 21, 2009. Petitioner, who is now paroled, is challenging his May 9, 2007 conviction of sodomy in violation of Michigan Compiled Laws § 750.158. On that date, Petitioner entered a conditional plea of guilty to sodomy, resisting and obstructing an officer, and indecent exposure. On July 2, 2007, the trial court sentenced Petitioner to concurrent prison terms of 28 to 270 months for the sodomy conviction, 24 to 36 months for the resisting conviction, and 12 to 18 months for the indecent exposure conviction. Petitioner's sentence with respect to the latter conviction subsequently was reduced to 12 months in jail. Respondent filed an answer to the petition on February 26, 2010, arguing that Petitioner's grounds in support of his request for relief lack merit.

On March 2, 2010, this Court entered an order referring the matter to Magistrate Judge Paul J. Komives for a report and recommendation ("R&R") with respect to the petition. Magistrate Judge Komives entered his R&R on June 30, 2010, recommending that this Court deny Petitioner's application for a writ of habeas corpus but grant Petitioner a certificate of Appealability. At the conclusion of his R&R, Magistrate Judge Komives advises the parties that they must file any objections to the R&R within fourteen days after service upon them. Petitioner filed objections to the R&R on July 12, 2010.

**Standard of Review**

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

**Factual and Procedural Background**

Petitioner's convictions arise from an incident on October 20, 2006, when an animal control officer discovered Petitioner engaging in anal intercourse with his girlfriend's deceased dog. The dog had been struck by a car three days earlier.

At his preliminary examination in the Michigan District Court, Petitioner challenged the applicability and constitutionality of Michigan's sodomy statute. First, Petitioner argued that the plain language of the statute does not criminalize acts of sexual gratification involving a carcass; instead, it applies only to conduct involving an "animal" which is universally defined as a living creature. Second, Petitioner argued that a

2

contrary interpretation of the statute would render the statute unconstitutionally vague and confer unlimited discretion on law enforcement to arrest those who incorporate remnants of animal carcasses or animal by-products (e.g. bearskin rugs, mink coats, leather, or honey) into their sex lives.  Lastly, Petitioner argued that the sodomy statute is unconstitutionally overbroad in that it impinges upon constitutionally protected privacy rights.

The district court rejected Petitioner's arguments in a written opinion filed January 17, 2007. (Pet. Ex. A.) Petitioner re-asserted his arguments in the State Circuit Court, but the court affirmed in an oral decision rendered on February 23, 2007. (*Id.*)  Petitioner thereafter entered his conditional guilty plea.  He then filed a direct appeal with the Michigan Court of Appeals, which the court denied on June 12, 2008, finding a "lack of merit in the grounds presented."  (*Id.*) Petitioner filed a motion for rehearing in the Court of Appeals, which the Court denied on July 17, 2008.  (*Id.*) The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 25, 2008, because the Court was "not persuaded that the questions presented should be reviewed by this Court." (*Id.*)

Petitioner filed his pending habeas corpus petition on July 21, 2009, asserting the following grounds in support of his request for relief:

1. The plain language of Michigan's sodomy statute fails to provide persons of ordinary intelligence a reasonable opportunity to know that it is illegal to use a carcass for sexual purposes.

2. The historical context in which Michigan enacted its sodomy statute,

3

> as well as prior judicial constructions of the statute, fails [sic] to provide persons of ordinary intelligence a reasonable opportunity to know that it is illegal to use a carcass for sexual purposes.
>
> 3. Michigan's sodomy statute is also unconstitutionally vague insofar as it confers unstructured and unlimited discretion to determine whether an offense has been committed.
>
> 4. Michigan's sodomy statute is also unconstitutionally overbroad in that it impinges upon privacy rights and fails to provide explicit standards to law enforcement officials.

**Analysis**

In his objections, Petitioner first objects to Magistrate Judge Komives' conclusion that "[n]o person of ordinary intelligence . . . would have any doubt that the conduct engaged in by [P]etitioner was prohibited" and that therefore Petitioner's void-for-vagueness challenge to the statute fails. Petitioner argues that, to reach this conclusion, the magistrate judge improperly conflated bestiality– which the Michigan courts have held is prohibited by the sodomy statute– and necrophilia– which the Michigan Court of Appeals has recognized the State has no statute proscribing.

Petitioner next objects to Magistrate Judge Komives' assertion that "[t]he fact that the precise conduct here has not been held to violate the statute does not compel a finding of vagueness." Magistrate Judge Komives reasoned that the statute, by its terms and through judicial construction, prohibits the type of conduct for which Petitioner was convicted. Petitioner argues that this is incorrect because, "[i]n 500 years, no jurisdiction has construed the 'crime against nature' [i.e. the conduct explicitly prohibited in the

4

sodomy statute] as encompassing acts of necrophilia." (Obj. at 4.)

Petitioner next objects to the magistrate judge's conclusion that applying the statute to Petitioner's conduct does not encourage arbitrary and discriminatory enforcement. Petitioner argues that "construing the sodomy statute to cover necrophilia creates enforcement problems due to the absence of any sensible way to determine the point at which a carcass has decomposed or changed to the point that it ceases to be an 'animal' for purposes of the statute." (Obj. at 6.)

Lastly, Petitioner objects to Magistrate Judge Komives' conclusion that application of the sodomy statute to Petitioner's conduct does not violate his fundamental right to privacy. Petitioner specifically takes issue with the magistrate judge's finding of a rational basis for the law (i.e. public health concerns and the possibility that "venereal diseases may be transmitted from animals to humans") because the magistrate judge fails to distinguish between bestiality– which involves live animals– and the conduct at issue– which did not.

These objections simply restate the arguments that Petitioner raised in his petition. The Court believes that Magistrate Judge Komives correctly and adequately addresses Petitioner's arguments. Importantly, for the reasons adequately set forth by the magistrate judge, this Court cannot conclude that the Michigan Circuit Court's interpretation of the State's sodomy statute was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d). It is not enough for the State court's decision to

5

have been incorrect or erroneous; it must have been "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003) (internal quotation mark and citation omitted).

While the Court adopts Magistrate Judge Komives' recommendation that Petitioner is not entitled to a writ of habeas corpus for the reasons set forth in the R&R, the the Court also concurs with Magistrate Judge Komives that the issues raised in the petition may be "debatable among jurists of reason." As the magistrate judge points out in his R&R, the Supreme Court's vagueness precedents and holding in *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472 (2003), have not been considered by the federal courts of appeals or the Supreme Court in the context of the circumstances of Petitioner's case and Michigan's statute. Therefore, the Court also adopts Magistrate Judge Komives' recommendation that Petitioner should not be denied the opportunity to seek appellate review of the issues raised in his petition.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is granted a certificate of appealability with respect to the following issues:

1. Whether Michigan's sodomy statute, Michigan Compiled Laws § 750.158, as applied to Petitioner's conduct, is unconstitutionally vague.

2. Whether Michigan's sodomy statue, Michigan Compiled Laws § 750.158, is unconstitutionally overbroad in that it impinges upon protected privacy

rights.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Christopher M. Smith, Esq.
Brad H. Beaver, Esq.
Magistrate Judge Paul J. Komives